Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000557
30-SEP-2016
08:29 AM

NO. CAAP-14-0000557

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v. JOSEPH VAIMILI, Defendant-Appellee, and INTERNATIONAL FIDELITY INSURANCE COMPANY, Real Party in Interest-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 09-1-0410)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Leonard, JJ.)

Real Party in Interest-Appellant International Fidelity Insurance Company (International) appeals from the "Findings of Fact, Conclusions of Law, and Order Denying [International's] Renewed Motion to Set Aside [Judgment] or for Clarification of Judgment" entered by the Circuit Court of the First Circuit (Circuit Court) on February 18, 2014.[1] This matter arises out of the forfeiture of the $250,000 bail bond posted by Freedom Bail Bond (Freedom), as agent for International, on behalf of criminal defendant Joseph Vaimili (Vaimili).

International argues that the Circuit Court (1) erred when it concluded that Freedom was a general agent of International because that conclusion is not supported by the Power of Attorney given to Freedom by International; (2) erred when it concluded that notice to International was unnecessary because, under Hawaii Revised Statutes (HRS) § 804-51 (2014), International and not Freedom was the "surety"; (3) erred when it enforced the judgment against International because it was

---

[1] The Honorable Randal K.O. Lee presided.

deprived of notice and an opportunity to be heard under HRS § 804-51; and (4) erred when it enforced the judgment against International as a "surety or sureties on the bond" because International's name does not appear on the bond.

After a careful review of the issues raised and arguments made by the parties, the applicable authority, and the record, we resolve International's points on appeal as follows and affirm.

On July 23, 2009, Ida Peppers, on behalf of Freedom, posted a Bail Bond (Bail Bond) in the amount of $250,000, securing Vaimili's release in Criminal No. 09-1-0410. Attached to the Bail Bond was a "Power of Attorney" (POA) that was executed by Francis Mitterhoff, Chairman of the Board, and Norman Konvits, Secretary, of International, purporting to bind it as surety for the appearance bond in criminal case number 09-1-0410 for Vaimili in the amount of $250,000.[2] Eventually, Vaimili failed to appear at trial and on June 28, 2010, the Circuit Court entered its Judgment and Order of Forfeiture of Bail Bond (Forfeiture Judgment). The State of Hawai'i (State) served Freedom Bail Bonds through Ida Peppers with the Forfeiture Judgment on June 28, 2010 by certified mail, return receipt

---

[2] The POA provided,

> INTERNATIONAL FIDELITY INSURANCE COMPANY, a corporation duly organized and existing under the laws of the State of New Jersey, has constituted and appointed, and does hereby constitute and appoint, its true and lawful Attorney-in-Fact, with full power and authority to sign the company's name and affix its corporate seal to, and deliver on its behalf as surety, any and all obligations as herein provided, and the execution of such obligations in pursuance of these presents shall be as binding upon the company as fully and to all intents and purposes as if done by the regularly elected officers of said company at its home office in their own proper person; and the said company hereby ratifies and confirms all in whatsoever its said Attorney-in-Fact may lawfully do and perform in the premises by virtue of these presents. . . . Authority of such Attorney-in-Fact is limited to the execution of appearance bonds and cannot be construed to guarantee defendant's future lawful conduct, adherence to travel limitation, fines, restitution, payments or penalties, or any other condition imposed by a court not specifically related to court appearances. A separate Power of Attorney must be attached to each bond executed.

This POA was assigned number IS250K-5395.

requested.  The return receipt indicates delivery was made and acknowledged on July 6, 2010.[3]

Freedom moved to set aside the Forfeiture Judgment on July 27, 2010.  The Circuit Court denied Freedom's motion on August 16, 2010.  Freedom appealed from the Circuit Court's decision on September 16, 2010; this appeal was assigned number CAAP-10-0000017.  Freedom's appeal was dismissed for lack of jurisdiction on December 30, 2010.

Meanwhile, on September 21, 2010, Paul Kaneshiro, Court Administrative Services Officer, First Circuit Court, sent by certified mail, return receipt requested, a letter notifying International of the bail bond forfeiture in criminal number 09-1-0410, State of Hawaii v. Joseph Vaimili, Issuing General Agent Freedom Bail Bond, Policy number IS250K-5395 (Notification).  Attached to the Notification were copies of (1) the Forfeiture Judgment, naming International as the surety "through its agent and attorney in fact, Ida Peppers," (2) the August 16, 2010 "Findings of Fact, Conclusions of Law, and Order Denying [Freedom's] Motion to Set Aside Judgment and Order of Forfeiture of Bail Bond[,]" and (3) the Bail Bond.  International acknowledged it received this Notification on September 24, 2010 in the Declaration of James D. Portman, Authorized Representative of International, in which Portman attested that, among other things, he was the custodian of records for International. International did not file a motion to set aside the forfeiture until January 27, 2012, over sixteen months after it received the Notification.

In Vaimili I, the Hawai'i Supreme Court held that, "once a bond is forfeited pursuant to HRS § 804-51, a surety has thirty days from the time it receives notice of forfeiture to set aside the forfeiture judgment[,]" 131 Hawai'i at 15, 313 P.3d at 704, and reaffirmed its explanation in State v. Ranger Ins. Co.,

---

[3]     Although no written motion for forfeiture or a transcript of the proceedings when the Circuit Court ordered the Bail Bond forfeited is part of the record on appeal, the Hawai'i Supreme Court in State v. Vaimili, 131 Hawai'i 9, 19, 313 P.3d 698, 708 (2013) (Vaimili I), noted that the Forfeiture Judgment in this case was entered pursuant to HRS § 804-51 and sustained the Circuit Court's denial of Freedom's motions' for relief from the Forfeiture Judgment.

3

83 Hawai'i 118, 124 n.5, 925 P.2d 288, 294 n.5 (1996), that "'HRS § 804-51 permits the filing neither of a second motion seeking to show "good cause why execution should not issue" nor any motion after the closing of the thirty-day window.'" Id. at 17, 313 P.3d at 706.

In State v. Nelson, CAAP-12-0001040 (Haw. App. Sept. 29, 2016), this court held that the term "surety" as used in HRS § 804-51, refers to the bail bondspersons/bail agents, i.e., the person signing the bond--in this case Ida Peppers--and that under the plain language of HRS § 804-51, whenever a court forfeits the bond, judgment must be immediately entered and notice of the forfeiture must be given to the "surety or sureties on the bond." As in Nelson, notice of the entry of Forfeiture Judgment was properly made on Ida Peppers/Freedom, triggering the thirty-day window in which to seek relief from the forfeiture. International's January 27, 2012 motion to set aside the Forfeiture Judgment was well outside the thirty-day window and thus the Circuit Court correctly denied International's motion.

Therefore, the February 18, 2014 "Findings of Fact, Conclusions of Law, and Order Denying International Fidelity Insurance Company's Renewed Motion to Set Aside [Judgment] or for Clarification of Judgment" entered by the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, September 30, 2016.

On the briefs:

Matson Kelley

and

Michael C. Carroll,
Sarah M. Love, and
David R. Major,
(Bays Lung Rose & Holma, of
counsel),
for Real Party in
Interest-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Craig H. Nakamura

Chief Judge

Associate Judge

Associate Judge

4